In re Petition for DISCIPLINARY ACTION AGAINST Douglas A. RUHLAND, a Minnesota Attorney, Registration No. 94328.

No. A11–2265.

Supreme Court of Minnesota.

June 21, 2012.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Douglas A. Ruhland committed professional misconduct warranting public discipline, namely, failing to respond to a client's requests for communication, failing to keep the client reasonably informed about the status of the representation, and continuing to represent a client after a conflict of interest arose, in violation of Minn. R. Prof. Conduct 1.4(a)(3) and (4), 1.7(a)(2), and 1.16(a)(1). After a hearing, the referee appointed by this court found that respondent committed the misconduct and violated the rules of professional conduct alleged in the petition. The referee also found several aggravating factors, including respondent's extensive disciplinary history, which includes five admonitions and two public reprimands. The referee recommended that the court suspend respondent for 30 days and that respondent be subject to a two-year period of supervised probation upon reinstatement.

The respondent and the Director have entered into a stipulation for discipline, in which the parties agree that the referee's findings of fact and conclusions of law are conclusive and waive their rights to briefing and oral argument before this court. The parties jointly recommend that the court impose the referee's recommended discipline.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent is suspended from the practice of law, effective 14 days after the filing of this order, for a minimum of 30 days;

2. Respondent shall comply with Rule 26, Rules on Lawyers Professional Responsibility (RLPR) (requiring notice of suspension to clients, opposing counsel, and tribunals);

3. Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR;

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court;

5. Upon reinstatement to the practice of law, respondent shall be subject to probation for two years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional

conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide notice to the Director of names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date of the Court's order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact his supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client's name, the type of representation, the date opened, the most recent activity, the next anticipated action, and the anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall initiate and maintain office procedures that ensure there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters respondent is handling and that will ensure respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Within 30 days from the filing of the court's reinstatement order, respondent shall provide to the Director and to his probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

6. Within one year of the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof of successful completion of the professional responsibility portion of the state bar examination. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

BY THE COURT:

/s/ _____

Alan C. Page
Associate Justice