**In re Petition for DISCIPLINARY ACTION AGAINST Douglas A. RUHLAND, a Minnesota Attorney, Registration No. 94328.**

No. A11–2265.

Supreme Court of Minnesota.

Aug. 6, 2012.

ORDER

By order filed on June 19, 2012, we suspended petitioner Douglas A. Ruhland from the practice of law for a minimum of 30 days, effective 14 days from the date of filing of the order. Respondent has filed an affidavit stating that he has fully complied with the terms of the suspension order, except for successful completion of the professional responsibility portion of the state bar examination, and requests reinstatement. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Douglas A. Ruhland is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the professional responsibility portion of the state bar examination by June 19, 2013. By June 13, 2013, respondent shall file with the Clerk of Appellate Courts and serve upon the Director of the Office of Lawyers Professional Responsibility proof of successful completion of the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(c)(3), Rules on Lawyers Professional Responsibility (RLPR).

IT IS FURTHER ORDERED that respondent shall be subject to probation for a period of two years from the date of filing of this order, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide notice to the Director of names of four attorneys who have agreed to be nominated as respon-

dent's supervisor within two weeks from the date of filing of this order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (d) below. Respondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact his supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client's name, the type of representation, the date opened, the most recent activity, the next anticipated action, and the anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall initiate and maintain office procedures that ensure there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters respondent is handling and that will ensure respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) Within 30 days from the date of filing of this order, respondent will provide to the Director and to his probation supervisor, if any, a written plan outlining office procedures designed to ensure

that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

BY THE COURT:

/s/ _____

Alan C. Page
Associate Justice