In re Petition for DISCIPLINARY ACTION AGAINST Douglas A. RUHLAND, a Minnesota Attorney, Registration No. 94328.

No. A11–2265.

Supreme Court of Minnesota.

July 11, 2013.

### ORDER

By order filed on June 19, 2012, we suspended respondent Douglas A. Ruhland from the practice of law for a minimum of 30 days. *In re Ruhland,* 815 N.W.2d 158, 158 (Minn.2012) (order). Our order expressly stated that, within one year of the date of the filing of the order, respondent was required to file with the Clerk of Appellate Courts proof of his successful completion of the professional responsibility portion of the state bar examination and that failure to do so would result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR). *Ruhland,* 815 N.W.2d at 159.

We reinstated respondent on August 6, 2012. *In re Ruhland,* 818 N.W.2d 522, 522 (Minn.2012) (order). Our order reinstating respondent repeated the requirement that, by June 19, 2013, respondent had to file with the Clerk of Appellate Courts proof of successful completion of the professional responsibility portion of the state bar examination and that failure to do so would result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), RLPR. *Ruhland,* 818 N.W.2d at 522.

Rule 18(e)(3), RLPR, provides that, unless waived by this court, a lawyer who has been suspended for 90 days or less "must, within one year from the date of the suspension order, successfully complete such written examination" for the professional responsibility portion of the state bar exam. "Except upon motion and for good cause shown, failure to successfully complete this examination shall result in automatic suspension of the lawyer effective one year after the date of the original suspension order." Rule 18(e)(3), RLPR.

Respondent did not provide this court with proof by June 19, 2013, that he successfully passed the professional responsibility portion of the state bar examination. Instead, respondent filed a motion in which he asked this court for additional time in which to pass the professional responsibility portion of the state bar examination. Respondent states that he attempted to register for the April 2013 examination, but that when he did so the registration deadline had passed. Respondent argues that there are extenuating circumstances that justify giving him additional time in which to pass the examination because he has been dealing with issues related to his aging parents in recent months.

Based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of respondent Douglas A. Ruhland is denied. Ruhland's conditional reinstatement is revoked, and he is indefinitely suspended, effective 10 days from the date of filing of this order. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). Respondent may apply for reinstatement under Rule 18(f), RLPR, by filing with the Clerk of Appellate Courts and the Director proof that he has successfully completed the professional responsibility portion of the state bar examination.

BY THE COURT:

/s/_____
Alan C. Page
Associate Justice