In re Petition for DISCIPLINARY ACTION AGAINST Richard Lee SWANSON, a Minnesota Attorney, Registration No. 173423.

No. A14–1589.

Supreme Court of Minnesota.

March 21, 2016.

## ORDER

On March 10, 2015, we suspended respondent Richard Lee Swanson from the practice of law for a minimum of 90 days. *In re Swanson*, 860 N.W.2d 677, 678 (Minn.2015) (order). We expressly stated that, by March 10, 2016, Swanson was required to file proof of successful completion of the professional responsibility portion of the state bar examination with the Clerk of Appellate Courts and that failure to do so would result in automatic re-suspension, pursuant to Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR). *Swanson*, 860 N.W.2d at 679.

We conditionally reinstated Swanson on June 18, 2015. *In re Swanson*, A14–1589, Order at 1 (Minn. filed June 18, 2015). Our order reinstating Swanson repeated the requirement that, by March 10, 2016, Swanson had to file proof of successful completion of the professional responsibility portion of the state bar examination with the Clerk of Appellate Courts and that failure to do so would result in automatic re-suspension, pursuant to Rule 18(e)(3), RLPR. *Swanson*, Order at 3–4.

Rule 18(e)(3), RLPR, provides that, unless waived by this court, a lawyer who has been suspended for 90 days or less must, within one year from the date of the suspension order, successfully complete such written examination as may be required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Except upon motion and for good cause shown, failure to successfully complete this examination shall result in automatic suspension of the lawyer effective one year after the date of the original suspension order. *Id.* The professional responsibility portion of the state bar examination is, at this time, the Multistate Professional Responsibility Examination (MPRE). *See* Rule 4.A(5), Rules for Admission to the Bar.

Swanson did not file proof of successful completion of the professional responsibility portion of the state bar examination by March 10, 2016. Instead, on March 7, 2016, Swanson filed a motion seeking additional time in which to comply with this requirement. Swanson argues there is good cause for an extension of time because he negligently failed to comply with the court's orders regarding this requirement. Swanson states that he mistakenly believed that the state bar examination in February 2016 would include the MPRE examination. After receiving an application for the state bar examination, Swanson realized that he had made a mistake as to the time the MPRE would be offered and that he would be unable to comply with the court's orders. Swanson also states that he has registered for the March 19, 2016 MPRE.

The Director of the Office of Lawyers Professional Responsibility opposes Swanson's motion.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of respondent Richard Lee Swanson for additional time in which to provide proof of his successful completion of the professional responsibility portion of the state bar examination is denied. Respondent's conditional reinstatement is revoked

and he is indefinitely suspended, effective 10 days from the date of this order. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals). Respondent may apply for reinstatement under Rule 18(f), RLPR, by filing with the Clerk of Appellate Courts and serving upon the Director of the Office of Lawyers Professional Responsibility proof that he has successfully completed the professional responsibility portion of the state bar examination.

BY THE COURT:

/s/————————————
David R. Stras
Associate Justice