On June 7, 2017, we suspended respondent Patrick Chinedu Nwaneri from the practice of law for a minimum of 30 days, effective June 21, 2017. In re Nwaneri , 896 N.W.2d 518, 527 (Minn. 2017). We stated that by June 7, 2018, Nwaneri was required to file proof of his successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility and that failure to do so would result in automatic re-suspension, as provided in Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR). Nwaneri , 896 N.W.2d at 527.
We conditionally reinstated Nwaneri on July 21, 2017. In re Nwaneri , 899 N.W.2d 185, 185-86 (Minn. 2017) (order). Our order reinstating Nwaneri repeated the requirement from our earlier opinion regarding the deadline for filing proof with the Clerk of the Appellate Courts of successful completion of the professional-responsibility portion of the state bar examination. Id. We again stated that failure to do so would result in automatic re-suspension, pending successful completion of the examination, as provided in Rule 18(e)(3), RLPR. Nwaneri , 899 N.W.2d at 186.
Rule 18(e)(3), RLPR, provides that, unless waived by this court, a lawyer who has been suspended for 90 days or less "must, within one year from the date of the suspension order, successfully complete such written examination as may be required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility." The professional-responsibility examination referred to in Rule 18(e)(3), RLPR, is the Multistate Professional Responsibility Examination (MPRE). See Rule 4.A(5), Rules for Admission to the Bar. "Except upon motion and for good cause shown, failure to successfully complete this examination shall result in automatic suspension of the lawyer effective one year after the date of the original suspension order." Rule 18(e)(3), RLPR.
Nwaneri did not file proof of successful completion of the MPRE by June 7, 2018. Instead, on May 22, 2018, Nwaneri filed a motion seeking additional time, until November 1, 2018, to provide proof of successful completion of the MPRE and a motion for a speedy hearing of his extension motion. Nwaneri took the MPRE in August 2017 and March 2018, but did not receive a passing score on either exam. He argues there is good cause for an extension of time because he was unable to adequately prepare for the March 2018 MPRE due pressing family obligations that required him to travel out of the country during the winter before the exam and the time it took him to prepare for and attend a sentencing hearing that was scheduled 2 days before the exam.
The Director of the Office of Lawyers Professional Responsibility opposes Nwaneri's request for additional time in which to successfully complete the MPRE.
We have routinely denied attorneys' requests for additional time to provide proof of having passed the MPRE. See , e.g. , In re Swanson , 877 N.W.2d 190, 190 (Minn. 2016) (order) (denying motion for additional time when an attorney claimed he mistakenly thought the MPRE was given at *883 the same time as the state bar exam); In re McCormick , 837 N.W.2d 493, 494-95 (Minn. 2013) (order) (denying motion for additional time when an attorney who took and failed the MPRE and said he failed because he was ill on the day of the exam); In re Ruhland , 833 N.W.2d 401, 401 (Minn. 2013) (order) (denying motion for additional time when an attorney failed to register in a timely fashion for the last exam he could take and said that caring for his aging parents contributed to his failure to timely register); In re Davis , A11-1089, Order at 2 (Minn. filed Sept. 18, 2012) (denying motion for additional time when an attorney who took the MPRE but did not receive a passing score claimed to be suffering from financial stress at the time of the exam). Nwaneri has not established good cause for his failure to successfully complete the MPRE.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. The motion of respondent Patrick Chinedu Nwaneri to extend the time to successfully complete the professional-responsibility portion of the state bar examination is denied.
2. Respondent's conditional reinstatement is revoked and he is indefinitely suspended, effective 10 days from the date of this order.
3. Respondent's motion for a speedy hearing of his motion for an extension of time is denied as moot.
4. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).
5. Respondent may apply for reinstatement under Rule 18(f), RLPR, by filing with the Clerk of the Appellate Courts and serving upon the Director of the Office of Lawyers Professional Responsibility proof that he has successfully completed the professional-responsibility portion of the state bar examination.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice